IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHELBY NICHOLE ARLEDGE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 2:18-cv-62-MHT-SRW |
| | ) |
| TERRI BOZEMAN LOVELL, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**[1]

On February 6, 2018, the court ordered the plaintiffs to file an amended complaint on or before February 26, 2018. *See* Doc. 4. In that order, the court found as follows:

> The court has conducted a review of the *pro se* plaintiffs' complaint.[2] *See* Doc. 1. It has identified several deficiencies in the complaint, including

---

[1] Senior United States District Judge Myron H. Thompson referred this matter to the undersigned Magistrate Judge to enter a ruling or recommendation on all pretrial matters pursuant to 28 U.S.C. § 636(b). *See* Doc. 3.

[2] A party who proceeds *pro se* represents himself or herself and acts without an attorney. The plaintiffs' filings are construed liberally. *See Stephens v. DeGiovanni*, 852 F.3d 1298, 1319 n.16 (11th Cir. 2017) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted)).

> The plaintiffs are reminded that, in the Eleventh Circuit,
>
> The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. One who proceeds *pro se* with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer, unless a liberal construction of properly filed pleadings be considered an enhanced right. Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure.

*Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981) (*per curiam*) (citations omitted)).

1

>the plaintiffs' failure to allege any facts or wrongdoing by the named defendants, to state clearly the basis for subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and to limit this civil complaint to civil causes of action, rather than comingling purported criminal charges. The court cannot discern from the 58-page complaint whom the plaintiffs are suing, for what reason, and what relief is sought. Moreover, insofar as the plaintiffs attempt to bring claims for others, the plaintiffs do not state their legal authority to bring such claims on behalf of third parties.
>
>Although the court is required to construe a *pro se* litigant's pleadings liberally, it does not have "license to serve as *de facto* counsel for a party ... or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). The court is also required to ensure that it has subject matter jurisdiction over every case, and the source of federal jurisdiction is not evident from the face of the complaint.[3]

Doc. 4 at 1-2 (footnotes in original). The court determined that, "At present, plaintiffs' complaint merits dismissal for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted." *Id.* at 2. The plaintiffs were ordered to file an amended complaint that complies with the Federal Rules of Civil Procedure and that clearly establishes a basis for the court's subject matter jurisdiction.

The plaintiffs were served with a copy of the February 6, 2018, order. *See* Doc. 5 (Jackie Smith served on February 7, 2018); Doc. 6 (Shelby Nichole Arledge served on

---

[3] A party seeking to invoke federal jurisdiction must make "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). A plaintiff who files his lawsuit in federal court bears the burden of demonstrating the court's subject matter jurisdiction. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 765 (11th Cir. 2010) (quoting *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)) ("The prerequisites to the exercise of jurisdiction … must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction."). The court must satisfy itself that it has subject matter jurisdiction over every lawsuit on its docket. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte*[.]").

February 7, 2018); Doc. 8 (Michael Everet-Dennison, Jr. served on February 12, 2018). The plaintiffs did not file a motion for an extension of the February 26 deadline, and they failed to file an amended complaint. Since the February 6, 2018 order, the plaintiffs have not taken any action on the record in this proceeding.

I.  Discussion

    A.  Lack of Subject Matter Jurisdiction

For the reasons discussed in the February 6, 2018 order, this court lacks subject matter jurisdiction over this controversy. The plaintiffs have failed to meet their burden of demonstrating subject matter jurisdiction, *see Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 765 (11th Cir. 2010), and a court without subject matter jurisdiction is powerless to act. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1281 (11th Cir. 2012) (quoting *Ex Parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1869)). Accordingly, this cause is due to be dismissed for lack of subject matter jurisdiction.

    B.  Plaintiffs' Failure to Prosecute and Follow the Court's Directives

In addition, assuming *arguendo* that the plaintiffs could show subject matter jurisdiction through the allegations of the original complaint, this matter is due to be dismissed because of the plaintiffs' lack of prosecution. The plaintiffs were cautioned that, if they failed to file an amended complaint by the February 26 deadline, the undersigned Magistrate Judge may recommend "that this matter be dismissed for lack of prosecution." Doc. 4 at 5 (bold text from original omitted). This warning resulted in no action.

"The court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure] 41(b) for failure to prosecute or failure to obey a court order." *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[4] In addition to the authority vested in the court by Rule 41 of the Federal Rules of Civil Procedure, the power to dismiss an action "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). However, "dismissal of an action with prejudice is a sanction of last resort, applicable only in extreme circumstances … [it] is generally reserved for cases of willful disobedience to court orders." *Id.* (citations and internal marks omitted).

The plaintiffs were warned that a dismissal of this cause could be forthcoming if they did not respond to the February 6, 2018 order. In addition, the plaintiffs have ignored two notices of deficiency – sent by the Clerk of Court on February 1 and February 13, 2018 – regarding the plaintiffs' failure to file required conflict statements. *See* Doc. 2; Doc. 7. Because the plaintiffs appear to be unwilling to follow the court's orders and policies, the court cannot "achieve the orderly and expeditious disposition" of this cause. *Lopez*, 570 F.2d at 544. As the plaintiffs have taken no action on the record since they filed their complaint on January 31, 2018, and did not file a response to the Clerk's notices of

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.

deficiency and the February 6, 2018 order, the court concludes that the plaintiffs have abandoned this lawsuit.

"The power to dismiss for want of prosecution should be used sparingly and only when less drastic alternatives have been explored." *Lopez*, 570 F.2d at 544 (citing *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976), *cert. denied*, 429 U.S. 1107 (1977)). The court has explored lesser sanctions, but no sanction or other court action except for dismissal will likely produce results as, as in this case, plaintiffs have demonstrated an unwillingness to respond to notices sent by the Clerk about deficiencies in the plaintiffs' filings and a court order.

The court concludes that plaintiffs' inaction in this case does not constitute the "extreme circumstances" or bad faith necessary to justify a *sua sponte* dismissal with prejudice. *Hartline*, 693 F.2d at 1352. Because the plaintiffs have refused to comply with the Clerk's directives or to follow the court's orders, a sanction other than dismissal would be ineffective. However, in this instance, the less drastic sanction of dismissal without prejudice will suffice. *See Moon*, 863 F.2d at 837.

## II. Conclusion and Recommendation

Accordingly, for the reasons discussed in the February 6, 2018 order and herein, it is the **RECOMMENDATION** of the Magistrate Judge that:

1. This matter be dismissed without prejudice due to lack of subject matter jurisdiction.

2. In the alternative, this cause be dismissed without prejudice for lack of prosecution and the plaintiffs' failure to comply with the court's February 6, 2018 order.

In addition, it is

**ORDERED** that **on or before March 19, 2018**, plaintiffs may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the plaintiffs object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 5th day of March, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge